IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARREL P. GOTCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-375 |
| | § | |
| UPS GROUND FREIGHT, INC. | § | |
| d/b/a UPS FREIGHT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant UPS Ground Freight, Inc.'s Motion for Summary Judgment (Document No. 17). After carefully considering the motion, response, reply, and applicable law, the Court concludes, viewing the summary judgment record in the light most favorable to Plaintiff Darrel P. Gotch, that genuine issues of material fact have been raised as to whether race discrimination was a motivating factor in Defendant's decisions to suspend Plaintiff in April, 2011, and to discharge him in July, 2011, and again in January, 2012, both of which terminations were later set aside through a collective bargaining grievance process. The Court further finds for the reasons that follow that Defendant should be granted summary judgment on Plaintiff's retaliation claim.

## Evidentiary Objections

Consideration of Defendant's Motion for Summary Judgment and Plaintiff's Response also required consideration of several evidentiary objections.

Plaintiff's vague objection that the Declaration of Cassie Antczak Lea ("Antczak") "contains facts not supported by admissible evidence" does not identify the specific facts to which Plaintiff objects and is therefore OVERRULED. *See* United States v. Avants, 367 F.3d 433, 445 (5th Cir. 2004) ("Evidentiary objections must be specific"); FED. R. EVID. 103(a)(1). Plaintiff's subsequently filed hearsay objection to the statements of Rafael Delestre and Kent Anselment reported in Paragraph 9 of Antczak's Declaration is waived on summary judgment because Plaintiff did not assert it until filing his Reply to Defendant's Response to Plaintiff's Objections. *See* Guerrero v. Total Renal Care, Inc., 932 F. Supp. 2d 769, 777 (W.D. Tex. 2013) (Plaintiff's hearsay objections that did not appear in original Motion to Strike Evidence, and were raised for the first time in Plaintiff's Reply are waived for purposes of Defendant's Motion for Summary Judgment); Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

Plaintiff objects to Exhibits 17 and 18 to Defendant's Motion for Summary Judgment--which Antczak claims are Livingstone's notes and Telematic print-outs--on the basis of hearsay, arguing that the

2

business records exception does not apply because "there is no evidence or affirmative declaration that [Antczak] is the custodian of records." The Court finds no evidence that Antczak, who is Defendant's Human Resources Safety Supervisor, is Defendant's custodian of records, nor proof that she is an "other qualified witness" able to testify about Defendant's business records and recording practices within the meaning of Rule 803(6)(D). The objection is SUSTAINED.

Defendant objects to paragraphs 4-11 of the Affidavit of Latasha Aycock ("Aycock"), a former employee of Defendant who worked as an administrative assistant at the Houston office when Livingstone was terminal manager. After considering the factors suggested in Sprint/United Mgmt. Co. v. Mendelsohn, 128 S. Ct. 1140 (2008), Defendant's objection is OVERRULED.

Defendant's hearsay objection to the document attached to Aycock's Affidavit is SUSTAINED.

Defendant objects to portions of Plaintiff's Affidavit, arguing that they contradict Plaintiff's sworn deposition testimony and therefore should be excluded as a "sham affidavit," which objections are OVERRULED.

Defendant's hearsay objection to the purported customer statements attached to Plaintiff's Affidavit is SUSTAINED.

Defendant objects on the basis of hearsay to the following deposition statement of Rudolph Becerra ("Becerra"):

> Q. Okay. Now, do you think [Livingstone] treated all drivers equally? Do you think he treated everybody the same? Fairly?
>
> A. From what I saw, I don't think so. I mean, I've noticed that he was writing up more black drivers than anyone else.

Becerra went on to testify that he was never present when other drivers were disciplined and that his knowledge of other drivers' discipline came only from speaking with the drivers themselves. Defendant's hearsay objection is SUSTAINED.

Those portions of the evidence to which objections are sustained are STRICKEN.

### Retaliation

Plaintiff alleges in his Original Petition that after he complained of discrimination and filed a Charge of Discrimination, Defendant retaliated against him in violation of the TCHRA by "writing him up for infractions for which non-Black employees are not written up."

TCHRA prohibits an employer from retaliating or discriminating against a person who "opposes a discriminatory practice" or "makes or files a charge." TEX. LABOR CODE § 21.055. To establish a *prima facie* case of retaliation, the plaintiff must establish that: (1) he participated in a protected activity; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse

4

employment action. McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007) (Title VII retaliation); Spinks v. Trugreen Landcare, L.L.C., 322 F. Supp. 2d 784, 796 (S.D. Tex. 2004) (TCHRA retaliation) (citing Graves v. Komet, 982 S.W.2d 551, 554 (Tex. App.-San Antonio 1998)). As with a discrimination claim, the burden of production then shifts to the employer to articulate a legitimate non-retaliatory reason for its employment action, and the plaintiff then bears the burden of proving that this reason is pretext for the true retaliatory purpose. McCoy, 492 F.3d at 557.

Plaintiff engaged in protected conduct when he filed an EEOC Charge of Discrimination on July 21, 2011, as well as when he spoke by telephone with Michelle Gann in Human Resources shortly thereafter and complained to her that he was being treated differently because of his color.[1]

Plaintiff also satisfies the second prong of his retaliation claim by showing he was subject to an adverse employment action

---

[1] Document No. 19, Ex. 20 at 132:1-24. Plaintiff did not engage in protected activity in April 2011 when he complained to Horace Boston in Human Resources about write-ups being placed in his TCHRA file without his knowledge because there is no summary judgment evidence of that complaint being attributed by Plaintiff to race discrimination or other conduct proscribed by TCHRA. Document No. 18 at 13; Document No. 19, Ex. 20 at 171:17-172:25. Because Plaintiff points to no evidence that he attributed this practice to racism, Plaintiff's complaint was not a protected activity. See Tratree v. BP N. Am. Pipelines, Inc., 277 F. App'x 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair . . . is not a protected activity.") (citing Harris-Childs v. Medco Health Solutions, 169 F. App'x 913 (5th Cir. 2006)).

5

when Defendant discharged him in January 2012. Defendant's notice to Plaintiff on July 20, 2011, of his "working till heard" discharge and his earlier suspensions predate his first protected complaint filed July 21, 2011 and therefore provide no legal predicate for a retaliation claim. Indeed, the July 20th discharge was the exact subject of Plaintiff's first race discrimination Charge of Discrimination. *See* Document No. 19, Ex. 19. Thus, the one adverse employment action taken against Plaintiff after he first engaged in protected activity was Plaintiff's discharge on January 26, 2012.[2]

However, Plaintiff has presented no evidence to establish the third prong required for a *prima facie* case, namely, a casual relationship between Plaintiff's filing on July 21, 2011, of a Charge of Discrimination, followed up by his July phone call complaint to Michelle Gann, and his subsequent discharge on January 26, 2012, six months later. *See* Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action.") (rejecting

---

[2] Plaintiff's disciplinary write-ups after July 21, 2011--none of which resulted in a demotion or loss of pay--were not adverse employment actions for a retaliation claim. *See* Earle v. Aramark Corp., 247 F. App'x 519, 524 (5th Cir. 2007) (exclusion from a training lunch, disciplinary write-ups, and micro-management of plaintiff's performance were not materially adverse employment actions for Title VII retaliation claim) (citing Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006)).

lesser "motivating factor" test used in discrimination claims); *see also* Everett v. Cent. Mississippi, Inc. Head Start Program, 444 F. App'x 38, 47 (5th Cir. 2011) (five months period between EEOC charge and termination "is not the kind of 'very close' temporal proximity that has been recognized as providing sufficient evidence of causality, in and of itself, to establish a *prima facie* case of retaliation.") (citing Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 808 (5th Cir. 2007)). Viewing the summary judgment record in the light most favorable to Plaintiff, Plaintiff has not presented evidence sufficient to raise a genuine issue of material fact of but-for causation, that is, that but for Plaintiff's protected activity in filing his July 21, 2011 TCHRA race discrimination claim and his follow-up complaint by telephone to Defendant's Human Resources representative, that Defendant would not have terminated him in January, 2012. *See* Nassar, 133 S. Ct. at 2533 ("[P]roof is required that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").

## Order

For the foregoing reasons, it is

ORDERED that Defendant's Motion for Summary Judgment (Document No. 17) is GRANTED with respect to Plaintiff's retaliation claim, which claim is DISMISSED with prejudice; and Defendant's Motion for

Summary Judgment is otherwise DENIED on Plaintiff's claims of race discrimination, which claims remain pending for trial.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 25TH day of July, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE